## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOMINIQUE ANTOINE JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-377** |
| **ST. BERNARD PARISH PRISON** | **SECTION: "E"(1)** |

### REPORT AND RECOMMENDATION

Plaintiff, Dominique Antoine Jones, a state pretrial detainee, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. The sole defendant he named in the complaint was the "St. Bernard Parish Prison." He included no statement of his claim on the complaint form;[1] however, based on the documents he attached, it appears that he may be asserting an excessive force claim.[2]

On March 10, 2020, the undersigned United States Magistrate Judge issued an order advising plaintiff that the "St. Bernard Parish Prison" is not a proper defendant and giving him an opportunity to correct that defect by filing an amended complaint. The Order further stated:

> **IT IS ORDERED** that, on or before **March 31, 2020**, plaintiff file an amended complaint to name a proper defendant or defendants. The amended complaint must include the following information: (1) the name of each individual plaintiff seeks to sue; (2) a proper service address for each such individual; and (3) a short and plain statement of each claim plaintiff wishes to assert against each such individual. If plaintiff fails to file an amended complaint as ordered, the undersigned will recommend that this lawsuit be dismissed.[3]

To date, no amended complaint has been filed. Therefore, for the following reasons, it is recommended that this civil action be dismissed.

---

[1] See Rec. Doc. 4, p. 4.
[2] See Rec. Doc. 4-1, p. 2.
[3] Rec. Doc. 6.

Plaintiff filed this federal civil action *in forma pauperis*.[4]  Concerning such actions, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, he is also subject to the screening provisions of 28 U.S.C. § 1915A.   That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law similarly requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  In determining whether a claim is frivolous, the Court has "not

---

[4] Rec. Docs. 3 and 4.

only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted).

As noted, plaintiff filed this action pursuant to 42 U.S.C. 1983. In pertinent part, that statute provides:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983 (emphasis added).

The only defendant plaintiff sued in this action is the "St. Bernard Parish Prison." However, a parish prison is an improper defendant because "a jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007); see also Porter v. St. Bernard Parish Jail, Civ. Action No. 15-5716, 2015 WL 10323883, at *1 n.1 (E.D. La. Dec. 21, 2015), adopted, 2016 WL 687655 (E.D. La. Feb. 19, 2016); Daliet v. St. Bernard Parish Prison, Civ. Action No. 12-2476, 2013 WL 5533142, at *2-3 (E.D. La. Oct. 4, 2013). Moreover, plaintiff was given an opportunity to amend

his complaint to name a proper defendant, but he failed to do so.  Accordingly, because no proper defendant has been named in this lawsuit, it should be dismissed.

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 27th day of April, 2020.


**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

4